UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:17-cv-112

| | | |
|---|---|---|
| KATHRYN AUBREA MORGEN F/K/A MINDY OLSEN MYERS, | ) ) ) | |
| Plaintiff, | ) ) | |
| Vs. | ) ) | ORDER OF TRANSFER |
| STUDENT LOAN FINANCE CORPORATION, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, INC., AND TRANSUNION, LLC, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on defendant Reunion Student Loan Finance Corporation's ("SLFC's") Motion to Dismiss or to Transfer Venue and Plaintiff's Motion for Leave to File Surreply. While the Court will deny leave to file the Surreply, the Court has considered the substantive arguments in the plaintiff's supporting Brief (#26-1) herein as such Brief sets forth the substance of plaintiff's rebuttal to the Reply. Having considered the parties' motions and reviewed the accompanying pleadings, the Court enters the following Order.

**FINDINGS AND CONCLUSIONS**

**I.  Background**

In this action, plaintiff alleges violations of the Fair Credit Reporting Act ("FCRA") arising out of three student loans that plaintiff received in 2004. Plaintiff applied for three "Goal II" loans

with US Bank through its education loan servicer, SLFC, to assist in payment of tuition, fees, and expenses to the *McNally Smith College of Music* in St. Paul, Minnesota.

Plaintiff denies receiving money through loans from SFLC and contends that such defendant has harmed her credit score. She has also sued the three major credit reporting firms. In doing so, plaintiff claims SLFC, and in turn the credit reporting agencies, have cost her housing and employment opportunities, as well as created significant economic and personal stress in her life. In response, SLFC denies wrongdoing and argues that plaintiff did receive money through the aforementioned loans, the proceeds of which went directly to her music school.

In the instant motion, SLFC asserts that the loan applications and promissory notes contained a forum selection clause identifying the State of South Dakota as the venue for any action arising from the promissory notes. Defendants also argue that any claims against them are barred by an applicable statute of limitations. Defendants have proffered evidence of the loans through exhibits containing loan documentation for every transaction, including records of Electronic Funds Transfers being made to the school by the lender.

## II.    Plaintiff's Objection to SLFC's Exhibits

Before the Court can address SLFC's substantive motions, it must first discuss plaintiff's contention that SLFC's exhibits should not be considered as they are inadmissible as hearsay as they have not been accompanied by affidavits proving their authenticity as business records.

Clearly, consideration of documents extraneous to the Complaint is well within the discretion of the Court when considering a Motion to Transfer Venue. Jacobs Vehicle Sys., Inc. v. Zhou Yang, 1:12cv181 at *6 (M.D.N.C. Sept. 10, 2013). The Court agrees with plaintiff, however, that SLFC failed to accompany Exhibit A to its Supporting Brief (the loan applications

and promissory notes) with an affidavit from the records keeper, see (#17-2), or accompany Exhibits A & B to its Reply (TIL disclosures and EFT records) with affidavits from the records keeper. See (#25-1 and #25-2). Further, this Court is cognizant of the fact that in the context of motions for summary judgment, unsworn, unauthenticated documents cannot be considered, Orsi v. Kirkwood, 999 F.2d 86, 92 (4th Cir. 1993), inasmuch as at the summary judgment stage, "documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e)." 10A Charles A. Wright et al., Federal Practice and Procedure § 2722, at 58-60 (1983 & 1993 Supp.).

While there is a pending Motion to Dismiss, SLFC's exhibits are being considered only on the Motion to Transfer Venue, which is a non-dispositive motion that does not go to the merits of the claims. Because such exhibits are only being considered in determining venue, they are only offered to prove whether a valid and enforceable agreement exists between these parties as to venue, an agreement which immaterial to the substantive allegations of the Complaint which concern fair credit reporting. Because these exhibits are not offered to prove the truth of the matters asserted in them, they are not inadmissible hearsay under Federal Rule of Evidence 801(c); rather, they are clearly relevant to the Motion to Transfer Venue. Venable v. Rug Renovating Co., Inc., CIV. A. 90-1378, 1990 WL 124294, at *3 (E.D. La. Aug. 9, 1990). In addition, there is no plausible contention that these documents are inauthentic.

As will be discussed below, the EFTs have only been considered on the issue of where the last act occurred, a determination necessary in considering whether North Carolina's public policy against forum selection clauses applies. The loan applications and promissory notes have been considered only to the extent they evince the forum selection clause at issue and to determine

whether requiring litigation in South Dakota creates a grave hardship for plaintiff. The Court will consider these exhibits only for those reasons and has not considered those materials in connection with SLFC's Motion to Dismiss. Plaintiff's objection is, therefore, overruled. Whether a transferee court will consider those exhibits in conjunction with a Motion to Dismiss is not reached by this Court.

## III. Standard of Review

In reviewing a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Fourth Circuit has directed that courts "take facts in the light most favorable to the Plaintiff," but has cautioned that courts "need not accept the legal conclusions drawn from the facts" or "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). In order to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Where there is a forum selection clause, the proper procedure for enforcement is a motion to transfer under 28 U.S.C. § 1404(a), which permits transfer to any other district where venue is proper or to any district to which the parties have agreed by contract or stipulation. Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 134 S. Ct. 568, 574 (2013). In determining whether transfer pursuant to a forum selection clause is appropriate, a court must first determine whether the clause is mandatory or permissive. Garrett v. MD Rehab, LLC, 2016 WL 7478975, at *1 (W.D.N.C. Dec. 29, 2016) (citing Cable Tel Servs., Inc. v. Overland Contracting, Inc., 574 S.E.2d 31 (N.C. Ct. App. 2002)). A court must then determine if a forum selection clause is valid and enforceable. Id. at *5. If the clause is valid and enforceable, the clause is given controlling

weight in all but the most exceptional cases, as the clause represents the parties' agreement as to the proper forum. Atl. Marine Const. Co., 134 S. Ct. at 574 (internal citations omitted). Finally, the court conducts an analysis under 28 U.S.C. § 1404(a), as set out by the Supreme Court. Id.

## IV. Discussion

The Court first considers the issue of the forum selection clause, since if the clause controls, this matter, including any Rule 12 motions, should be resolved in the transferee court, thereby giving full effect to the agreement. For the following reasons, the Court finds that the forum selection clause is mandatory, valid, and enforceable, and that analysis under 28 U.S.C. § 1404(a) requires transfer of this matter to the District of South Dakota.

### A. Mandatory v. Permissive

First, the court considers whether the forum selection clause in question is mandatory or permissive. North Carolina courts have held that a forum selection clause is not mandatory without sufficient language indicating the parties' intent to make jurisdiction exclusive; for example, the word "shall," by itself, does not make a forum selection clause exclusive. See Garrett, 2016 WL 7478975 at *1. Here, the forum selection clause provides as follows:

> I hereby agree that this Promissory Note and related documents shall be construed and enforced according to the laws of the state of South Dakota and I consent to long arm jurisdiction of courts in the state of South Dakota for this purpose. I further agree that any action in any manner to this Note and/or related documents shall be litigated or processed in the state of South Dakota.

(#17-1) at 10. The Court finds that the forum selection clause contains more than just the word "shall"; it contains language consenting to South Dakota's long arm jurisdiction and agreeing to litigate any related action in South Dakota. As a result, the Court finds that the forum selection clause is mandatory.

### B. Validity and Enforceability

Next, the Court considers whether the forum selection clause is valid and enforceable. Although forum selection clauses have a presumption of enforceability, the presumption may be overcome by a showing that the clause is unreasonable under the circumstances. See M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972). The Court of Appeals for the Fourth Circuit has established a four-part test for whether a forum selection clause is unreasonable: (1) whether its formation was induced by fraud or overreaching; (2) whether the complaining party will be deprived of their day in court because of grave inconvenience or unfairness of the selected forum; (3) whether there is fundamental unfairness of the chosen law in depriving the plaintiff of a remedy; or (4) whether its enforcement would contravene a strong public policy of the forum state. See Allen v. Lloyd's of London, 94 F.3d 923, 928 (4th Cir. 1996).

Here, the Court finds nothing in the record to reflect inducement by fraud or overreach. While the Court notes that the chosen forum is a great distance from where plaintiff is now located, when these loans were taken out, plaintiff was in Minnesota, which adjoins South Dakota. It has not, however, been shown that plaintiff will be deprived of her day in court because of grave inconvenience. Given that plaintiff's claims arise under federal law, there is no unfairness of South Dakota law that would deprive plaintiff of a remedy against any defendant.

The Court has also considered North Carolina General Statute § 22B-3, which provides that clauses requiring the institution or prosecution in another state of any action arising from a contract made or entered into in North Carolina are against public policy. Every federal district court in North Carolina has found that North Carolina General Statute § 22B-3 is not dispositive as to enforceability of a forum selection clause. See Scholl v. Sagoan RV Supercenter, LLC, 249

F.R.D. 230, 242 (W.D.N.C. 2008) (citing Blue Mako, Inc. v. Minidis, 472 F.Supp.2d 690 (M.D.N.C. 2007); James C. Greene Co. v. Great American E & S Ins. Co., 321 F.Supp.2d 717 (E.D.N.C. 2004); Dove Air, Inc. v. Bennett, 226 F.Supp.2d 771 (W.D.N.C. 2002)). There has, however, been no showing that the contracts were either made or entered into in North Carolina. See N.C.Gen.Stat. § 22B–3 ("[A]ny provision in a contract entered into in North Carolina that requires the prosecution of any action ... that arises from the contract to be instituted or heard in another state is against public policy and is void and unenforceable."). A contract is entered into or made in North Carolina if the last act necessary to make it binding occurs within the state, Fortune Insurance Co. v. Owens, 351 N.C. 424, 526 S.E.2d 463 (2000). The materials before the Court clearly show that the last act, as well as the first, occurred in Minnesota inasmuch as plaintiff appears to have applied for the loans while residing in Minnesota (see #17-2) and the loans were purportedly consummated when the lender transferred the funds via EFT to plaintiff's music school in St. Paul. See Reply, Ex. B (#25-2). Thus, the public policy of North Carolina has no bearing on the validity or enforceability of the forum selection clause.

    **C.**    **Section 1404(a) Analysis**

Finally, given that the forum selection clause at issue is mandatory, valid, and enforceable, the Court must analyze whether transfer of venue to the United States Court for the District of South Dakota is proper under 28 U.S.C. § 1404(a). In accordance with Atl. Marine Const. Co., supra, the plaintiff bears the burden of showing that public-interest factors *overwhelmingly* disfavor a transfer. Id. at 575. These factors include (1) comparative administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home;

(3) the familiarity of the forum with the law that will govern the case; and (4) avoidance of unnecessary problems of conflict of laws or in the application of foreign law. Id., at 582, n. 6.

Here, the Court finds nothing in the public-interest factors that would disfavor a transfer. While there may be some administrative concern with court congestion in the District of South Dakota,[1] there is no concern with the District of South Dakota's familiarity with the FCRA and no anticipated problems with conflict of laws. Further, while plaintiff alleges certain harms that affect localized interests, such as her ability to get credit in North Carolina, the Complaint also provides that many of the alleged events occurred elsewhere, including assertions that the loans were obtained to attend *McNally Smith College of Music* in Minnesota and that the credit reporting adversely impacted her inability to obtain housing and employment in Kansas. (#1) at 3-8.

**D.** **Conclusion**

Consequently, the Court finds that the forum selection clause at issue is mandatory, valid, and enforceable, and plaintiff does not show that the public interest overwhelmingly disfavors transfer; pursuant to the forum selection clause's terms, transfer is thus necessary. Finally, the Court notes that the other defendants have filed their Answers, but have not objected to the proposed transfer.

---

1    The most recent National Judicial Profile from the Administrative Office of the United States Courts indicates that the median time from filing to disposition of civil cases is 12.8 months the District of South Dakota, while the same period is 8.7 months in this District. See http://www.uscourts.gov/file/22297/download. While the likely time to disposition is indeed shorter in this district, it appears that the time in South Dakota is well within the time anticipated by the *Civil Justice Reform Act*, which lessens concerns with Court congestion.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

(1)     Plaintiff's Motion for Leave to File Surreply (#26) is **DENIED**; however, the substantive arguments in the nature of a surreply contained in the Brief in Support (#26-1) have been considered;

(2)     Defendant Reunion Student Loan Finance Corporation's Motion to Transfer Venue (#17) is **GRANTED** and this action is **TRANSFERRED** to the District of South Dakota for further proceedings and disposition.

Signed: October 25, 2017

Max O. Cogburn Jr.
United States District Judge